Jose Concepcion ESQUIVEL–
JIMENEZ, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73549.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Concepcion Esquivel–Jimenez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision finding

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Esquivel removable for alien smuggling under 8 U.S.C. § 1227(a)(1)(E)(i) and denying his request for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision to determine whether substantial evidence supports a finding of removability by clear and convincing evidence. *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004). We dismiss in part and deny in part the petition.

Esquivel's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

■ We lack jurisdiction to consider Esquivel's contention that the IJ misconstrued the term "entry" as defined by 8 U.S.C. § 1227(a)(2)(E)(i) because Esquivel failed to exhaust the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

■ Substantial evidence supports the IJ's finding that Esquivel's was removable for alien smuggling under 8 U.S.C. § 1227(a)(1)(E)(i) because the record contained Esquivel's signed confession admitting that he smuggled aliens and contained two reports made by border patrol agents detailing their investigation into Esquivel's smuggling scheme. *See Nakamoto,* 363 F.3d at 882–83. The IJ permissibly found that Esquivel's confession was not coerced because Esquivel and his wife offered inconsistent explanations for why they transported illegal immigrants in the United States. *See Alarcon–Serrano v. Ashcroft,* 220 F.3d 1116, 1120 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749 (9th Cir.2004), Esquivel's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**